IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| ANTONIO LENARD BUEY, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | 1:14CV142 |
| v. | ) | 1:10CR62-1 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, Antonio Lenard Buey, a federal prisoner, brings what the Court treated as a Motion [Doc. #45] to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, which Respondent opposes with a Response [Doc. #52]. Petitioner pled guilty to one count of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). Following a remand for resentencing in light of the Fair Sentencing Act, Petitioner received a sentence of 190 months imprisonment for the drug conviction, representing a variance from the sentencing range applied to him as a career offender under USSG § 4B1.1, and a consecutive 60 months imprisonment for the firearm conviction. In his Motion and other filings, Petitioner challenges his status as a career offender and the calculation of his criminal history points based on United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), as well as Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551 (2015);

Alleyne v. United States, ___ U.S. ___, 133 S. Ct. 2151, 186 (2013), United States v. Davis, 720 F.3d 215 (4th Cir. 2013), and other cases.

All of Petitioner's claims, regardless of the cases he cites, are allegations of error in the calculation of his advisory sentencing range under the United States Sentencing Guidelines. The United States Court of Appeals for the Fourth Circuit recently held that a challenge to a career offender designation based on Simmons is not the type of alleged sentencing error that is cognizable on collateral review. United States v. Foote, 784 F.3d 931, 943 (4th Cir. 2015), cert. denied, ___ U.S. ___, 135 S. Ct. 2850 (2015). Therefore, Petitioner's multiple challenges in this case are not cognizable in this collateral review proceeding.[1] His § 2255 Motion should be dismissed.

IT IS THEREFORE RECOMMENDED that Petitioner's Motion [Doc. #45] to vacate, set aside or correct sentence under 28 U.S.C. § 2255 be denied, and that this action be dismissed.

This, the 21st day of September, 2015.

                                                    /s/ Joi Elizabeth Peake
                                                    United States Magistrate Judge

---

[1] The Government also contends that Petitioner's claims are without merit and attaches state court judgments to show that Petitioner had two prior state court convictions that support his career offender enhancement. (Response, Attachs. A, B.) In addition, the Government notes that Petitioner's criminal history points were properly calculated, and that any challenge to criminal history point calculations would be moot in any event, since Petitioner's criminal history category was determined by the career offender enhancement rather than criminal history points. Thus, it appears that Petitioner's claims are without merit, but the Court need not consider the claims further, since they are not cognizable in light of Foote.